## Case No. 8,570.

### LOWELL MANUF'G CO. v. LARNED.

[Codd. Dig. 341; Cox, Manual Trade-Mark Cas. 241.]

Circuit Court, W. D. Pennsylvania. 1873.

TRADE-MARKS—HOLLOW WOODEN STICK FOR CARPET ROLLS.

[The plaintiffs, manufacturers of carpets, had adopted and used for a long while as a trade-mark an octagonal, hollow, wooden stick, upon which their carpets were rolled. When so rolled, the stick presented at its ends the appearance of two octagonal wooden rings. This stick had become well known in trade as indicating carpets manufactured by the plaintiffs. Held, that this stick was a valid trade-mark, for an unauthorized use of which the defendant was liable in damages, and to an injunction to restrain future use.]

The plaintiffs, since 1855, had rolled their carpets upon a hollow stick, which stick, when put into the centre of their rolls of carpet, they claimed to be their trade-mark. The stick consisted of two pieces, ground on the inside, so that when the two pieces were put together they formed a shell with a rectangular opening, and with the corners of the outside rounded off, so that the ends of the stick or shell formed an octagonal ring. This ring was both visible and tangible in each end of each roll of carpet. The stick or shell was made the length of the rolls of carpet, so as to exhibit the rings. The shell was adopted in 1855, and used continuously ever since, by plaintiffs, as a trade-mark, and was registered as a trade-mark in the U. S. patent office in 1871. The defendants, in 1872, commenced to make and sell carpets rolled upon sticks resembling the sticks used by the plaintiffs. The plaintiffs filed a bill to enjoin the defendants from the use by them of such sticks for carpets. The evidence in the case showed that such sticks in rolls of carpet indicated to the public that the goods containing them were made by the

plaintiffs; that any one seeing the shells in carpets would suppose them to be the plaintiffs' goods; and that the use by the defendants of said sticks would deceive the public.

HELD BY THE COURT: That said stick, as claimed by the plaintiffs, was a good and valid trade-mark; that they were entitled to its exclusive use; and that the defendants should be enjoined, and pay to the plaintiffs the profits and gains received by them in consequence of their infringement, together with such damages as plaintiffs had suffered thereby.